UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ANTONIO VERDUGO, ) | CASE NO. CV 12-4925-ODW (PJW) |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY PETITION |
| ) | SHOULD NOT BE DISMISSED |
| v. ) | |
| DOMINGO URIBE, JR., ) | |
| Respondent. ) | |

On May 31, 2012, Petitioner constructively filed a Petition for Writ of Habeas Corpus, seeking to challenge his September 2002 state convictions for first degree murder committed while engaged in the commission of robbery and burglary, first degree robbery, and first degree burglary, which he intentionally committed because of the victim's sexual orientation. (Petition at 2; *see also People v. Verdugo*, 2003 WL 21495158 (Cal. App. June 30, 2003).) In the Petition, he claims that he is actually innocent, the prosecution failed to disclose exculpatory evidence and misstated material facts, and he received ineffective assistance of trial and appellate counsel. (Petition, attached pages at 2-15.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

1 State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Generally, a California prisoner's conviction becomes final 90 days after the state supreme court has denied his petition for review and the time has expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See*, *e.g.*, *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Here, the picture is complicated by the absence of any decision by the state supreme court on Petitioner's petition for review, which was filed on August 1, 2003. (See Petition at 3 and Exh. 1 (Docket Sheet for Case B162028).) Nevertheless, the docket sheet shows that his appellate case was complete on October 3, 2003. (Petition, Exh. 1.) Thus, it appears that Petitioner's conviction was final no later than January 1, 2004, 90 days after his case was complete. Therefore, the statute of limitations expired one year later, on January 1, 2005. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until May 31, 2012, seven years after the deadline.

IT IS THEREFORE ORDERED that, no later than **July 9, 2012**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:   June 7, 2012

/s/ Patrick J. Walsh
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\VERDUGO, S 4925\OSC dismiss pet.wpd