UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SERGIO ANTONIO VERDUGO, | ) | CASE NO. CV 12-4925-ODW (PJW) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED |
| v. | ) | |
| | ) | |
| DOMINGO URIBE, JR., | ) | |
| | ) | |
| Respondent. | ) | |

On May 31, 2012, Petitioner constructively filed a Petition for Writ of Habeas Corpus, seeking to challenge his September 2002 state convictions for first degree murder committed while engaged in the commission of robbery and burglary, first degree robbery, and first degree burglary, which he intentionally committed because of the victim's sexual orientation. (Petition at 2; *see also People v. Verdugo*, 2003 WL 21495158 (Cal. App. June 30, 2003).) In the Petition, he claims that he is actually innocent, the prosecution failed to disclose exculpatory evidence and misstated material facts, and he received ineffective assistance of trial and appellate counsel. (Petition, attached pages at 2-15.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

1       State prisoners seeking to challenge their state convictions in
2  federal habeas corpus proceedings are subject to a one-year statute of
3  limitations.  28 U.S.C. § 2244(d).  Generally, a California prisoner's
4  conviction becomes final 90 days after the state supreme court has
5  denied his petition for review and the time has expired for him to
6  file a petition for writ of certiorari with the United States Supreme
7  Court.  *See*, *e.g.*, *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir.
8  2005).  Here, the picture is complicated by the absence of any
9  decision by the state supreme court on Petitioner's petition for
10 review, which was filed on August 1, 2003.  (See Petition at 3 and
11 Exh. 1 (Docket Sheet for Case B162028).)  Nevertheless, the docket
12 sheet shows that his appellate case was complete on October 3, 2003.
13 (Petition, Exh. 1.)  Thus, it appears that Petitioner's conviction was
14 final no later than January 1, 2004, 90 days after his case was
15 complete.  Therefore, the statute of limitations expired one year
16 later, on January 1, 2005.  *See Patterson v. Stewart*, 251 F.3d 1243,
17 1246 (9th Cir. 2001).  Petitioner, however, did not file this Petition
18 until May 31, 2012, seven years after the deadline.

19      IT IS THEREFORE ORDERED that, no later than **July 9, 2012**,
20 Petitioner shall inform the Court in writing why this case should not
21 be dismissed with prejudice because it is barred by the statute of
22 limitations.  Failure to timely file a response will result in a
23 recommendation that this case be dismissed.

24      DATED:    June 7, 2012

25
                                  /s/ Patrick J. Walsh
26                                _____
27                                PATRICK J. WALSH
                                  UNITED STATES MAGISTRATE JUDGE
28 S:\PJW\Cases-State Habeas\VERDUGO, S 4925\OSC dismiss pet.wpd